From Robert Stuckenrath, Lewistown, Pa.

## Hun Shoe Company, Inc., v. Silverman

*Michael Gurbarg*, for claimant; *Jos. Sternberg*, for plaintiff in execution.

BONNIWELL, J., January 22, 1935.—This is a sheriff's interpleader under the Interpleader Act of June 22, 1931, P. L. 883. The claimant filed an answer to the sheriff's rule for an interpleader, setting forth in detail the source of title to the goods claimed, which would have been sufficient as a statement of claim. The plaintiff in the execution filed a reply specifically agreeing that the interpleader be granted. This sufficed to make the rule absolute.

Assuming that this court were governed by Rule 74 of the courts of com-

mon pleas, it would have been necessary for the claimant to file a statement of claim in interpleader, since the pleadings already filed were not adequati to raise all the issues to be determined by the interpleader. The reply could not have taken the place of the affidavit of defense required by the act of assembly, averring the grounds on which the claimant's title is questioned.

However, we are not governed by that rule, nor by Rule 57, quoted by claimant's attorney, but by our new Rule 57, which was adopted to meet the Interpleader Act of 1931 and which requires the claimant to file his bond and statement of claim within 2 weeks after the rule is made absolute, unless the time be extended for cause shown. The claimant has met that requirement.

The rule to strike off the statement of claim in interpleader is discharged.